IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  3:18-cr-00074-JAG |
| | ) | |
| JOHN GLENN WEED, | ) | |
| | ) | |
| *Defendant*. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

The United States of America, by and through its attorneys, G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia, and Brian R. Hood, Assistant United States Attorney, hereby responds in opposition to the defendant's Motion to Dismiss. (Docket No. 15.) For the reasons set forth below, the defendant's motion should be denied.

**I.   INTRODUCTION AND FACTUAL SUMMARY**

As set forth in the government's responses to the defendant's other pretrial motions, on September 20, 2012, the defendant was escorted from the premises of his employer The Analytic Sciences Corporation (TASC), Chantilly, Virginia, which was a contractor for the National Reconnaissance Office (NRO).  Soon thereafter, the defendant's security clearance was revoked and procedures were initiated to formally terminate his employment with TASC.  In the spring of 2013, investigators with the NRO and the FBI developed information that during the final four days of WEED's access to TASC and NRO facilities he had established Internet connections between his workstation in a secure compartmented information facility to his home computer. During these sessions, data was transferred between the computers.  Based in part on this information, on August 23, 2013, investigators obtained a federal search warrant for WEED's residence, which they executed on August 27, 2013.  During the search of the defendant's home,

agents seized multiple a total of 12 radios and transmitters that were government property. These 12 devices provide the basis for the defendant's indictment, which charges him with theft of government property, in violation of 18 U.S.C. § 641.

## II.   LEGAL ANALYSIS

### A.   The Defendant's Indictment Satisfies Rule 12(b)(3)(B)(v)

WEED predicates his motion to dismiss on Rule12(b)(3)(B)(v) of the Federal Rule of Criminal Procedure, stating that "[t]here is no crime." This is a factual contention, not a claim properly supported by the defendant's relied-upon rule. Rule12(b)(3)(B)(v) provides the court authority to dismiss an indictment only when there is a "failure to *state* an offense." (Emphasis added.) To be sufficient, an indictment "must contain the elements of the offense charged, fairly inform a defendant of the charge, and enable the defendant to plead double jeopardy as a defense in a future prosecution for the same offense." *United States v. Daniels*, 973 F.2d 272, 274 (4th Cir. 1992); *see also Russell v. United States*, 369 U.S. 749, 763-64 (1962); *United States v. Palin*, 874 F.3d 418, 424 (4th Cir. 2017).

In reviewing a motion to dismiss, courts construe indictments in a "practical" rather than "purely technical" manner. *United States v. Matzkin*, 14 F.3d 1014, 1019 (4th Cir. 1994). Further, courts accept all factual allegations in the indictment as true. *See Boyce Motor Lines v. United States*, 342 U.S. 337, 343 n. 16 (1952). As one district court noted in denying a motion to dismiss a tax fraud indictment brought by a defendant pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v):

> It may well be true that the government may ultimately be unable to prove that defendant lacked the requisite intent and willfulness, but that has nothing to do with whether the indictment itself is flawed.

*United States v. Gerard*, NO. 3:16-cr-270, 2018 WL 4113351 (W.D. NC August 28, 2018).

The defendant's Rule 12(b)(3)(B)(v) argument fails because the indictment in this case satisfies the standard described in the Fourth Circuit's *Daniels* opinion. The statute for which the defendant has been indicted, 18 U.S.C. § 641, provides:

> Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or
>
> Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—
>
> Shall be fined under this title or imprisoned not more than ten years, or both.

The Fourth Circuit has defined the elements of 18 U.S.C. § 641 that the government must prove beyond a reasonable doubt to be: 1) that the money or property described in the indictment is money or a thing of value of the United States; 2) that the defendant stole, fraudulently received, or converted to his own use; 3) with the intent to permanently or temporarily deprive the government of that money or thing of value. *United States v. Kiza*, 855 F.3d 596, 601 (4th Cir. 2017) (*citing United States v. Hamilton*, 699 F.3d 356, 363 (4th Cir. 2012)).

In WEED's case, the pending indictment alleges:

> Beginning at a time unknown to the grand jury, and continuing until on or about August 27, 2013, in the Eastern District of Virginia, the defendant, JOHN GLENN WEED, willfully and knowingly did steal and purloin: two (2) General Dynamics MTX, Version 1.4 transmitters; eight (8) General Dynamics, Trident Version 1.0 transmitters; one (1) Model PGITR transmitter; and one (1) General Dynamics, Model AATR radio, of a value exceeding $1,000, all of which being goods and property of the United States.
>
> (In violation of Title 18, United States Code, Section 641).

Even a cursory inspection of the indictment reveals that all of the necessary statutory provisions and offense elements are properly alleged. Moreover, the date of the offense and the nature of the stolen government property have been described with sufficient specificity to satisfy *Daniels'* other requirements that the defendant be fairly informed of the charge and enabled to plead double jeopardy as a defense in a future prosecution for the same offense. WEED's motion pursuant to Rule 12(b)(3)(B)(v) is therefore groundless, and should accordingly be denied.

### B. There Is No Statute of Limitations Violation Because Section 641 is a Continuing Offense

The defendant's argument that his prosecution is time-barred is easily dispatched. The statute of limitations for WEED's charged offense is governed by the general provisions of 18 U.S.C. § 3282(a), which requires that an indictment be found or an information be instituted within five years after such offense shall have been committed. In WEED's case, investigators executed a search warrant on his residence on August 27, 2013, recovering on that date the government property alleged in the indictment. The grand jury returned an indictment against the defendant on June 6, 2018, which is less than five years after the date of that search warrant and WEED's offense.

The fact that WEED originally came into unlawful possession of the government's property on an earlier date is of no moment. As the Fourth Circuit has explained, theft of government property is a continuing offense:

> Stolen government property is not unlike contraband. The passage of time does not give the defendant a license to possess it. The government may prosecute a person who continues to possess unlawful drugs irrespective of the date he first possessed them. There is no reason to treat differently a person who continues to conceal and retain stolen government property. In either case, the defendant is not subjected to prosecution for acts in the far-distant past. Rather, he is subjected to prosecution for a possessory offense within the five-year statute of limitations. As

4

    this court has stated in other, but instructive, contexts—"[p]ossession is by nature a continuing offense...."

*United States v. Blizzard*, 27 F.3d 100, 102 (4th Cir. 1994) (*citing Jordan v. Virginia*, 653 F.2d 870, 875 (4th Cir.1980)).  Clearly, then, the defendant's statute of limitations argument fails, and his motion on this ground should also be denied.

### III.   CONCLUSION

    For all of the above reasons, the defendant's arguments in support of his Motion to Dismiss are without merit.  The United States respectfully requests that the Court deny the defendant's motion.

                                Respectfully submitted,

                                G. ZACHARY TERWILLIGER
                                UNITED STATES ATTORNEY

                     By:   */s/  Brian R. Hood*
                                Assistant United States Attorney
                                United States Attorney's Office
                                919 East Main Street, Suite 1900
                                Richmond, VA 23219
                                Telephone: (804) 819-5400
                                Email: brian.hood@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **September 14, 2018**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all parties of record.

                                        Respectfully submitted,

                                        G. ZACHARY TERWILLIGER
                                        UNITED STATES ATTORNEY

By:   /s/   Brian R. Hood
       Assistant United States Attorney
       United States Attorney's Office
       919 East Main Street, Suite 1900
       Richmond, VA 23219
       Telephone: (804) 819-5400
       Email: brian.hood@usdoj.gov