IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                         ) | Criminal No.  3:18-cr-00074-JAG |
| ) | |
| JOHN GLENN WEED,           ) | |
| ) | |
| *Defendant*.               ) | |

## GOVERNMENT'S RESPONSE TO
## DEFENDANT'S MOTION FOR DISCOVERY

The United States of America, by and through its attorneys, G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia, and Brian R. Hood, Assistant United States Attorney, hereby responds in opposition to the defendant's Motion for Discovery. (Docket No. 19.)

### RESPONSE

The United States is aware of its discovery obligations and will full comply with its discovery obligations in this case, including those imposed by FED. R. CRIM. P. 16(a)(1), B*rady v. Maryland*, 373 U.S. 83 (1963) and its progeny, *Giglio v. United States*, 405 U.S. 150 (1972) and its progeny, other discovery obligations imposed on the government by applicable law, statutes, and any order issued by this Court.  The government is prepared to enter into an agreed discovery order with counsel for the defendant; however the government further notes that many items of discovery would either be subject to procedures set forth in the Classified Information Procedures Act, or to a protective order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure.  The government will advise the Court of the status of those discussions by September 28, 2018.

1

Following are the government's responses to defendant's specific requests:

1) **The Government produce on a date certain prior to a hearing on Defendant's Motion to Dismiss all information in its possession pertaining to the issues raised in Defendant's Motion to Dismiss.**

The government will comply with its discovery obligations as described above. To the extent this exceeds those obligations and the government's position as set forth in its Response in Opposition to the Defendant's Motion to Dismiss, the government objects.

2) **The Government produce on a date certain prior to a hearing on Defendant's Motion to Suppress all information in its possession pertaining to the issues raised in Defendant's Motion to Suppress.**

The government will comply with its discovery obligations as described above. To the extent this exceeds those obligations, the government objects.

3) **Disclosure by the Government of exculpatory material required under the doctrine of Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, to be made at a date certain, in advance of trial.**

The government intends to fully comply with its obligations to produce promptly exculpatory material as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and *United States v. Agurs*, 427 U.S. 97 (1976).

4) **Disclosure by the Government of matters covered by Criminal Rule 16(a)(1)(E) & (F) to extend to all documents and objects that are relevant to the allegations of the Indictment. This disclosure by the Government should include, but not be limited to, the Raw (unedited) Wireshark Data used in creating the Wireshark Analysis Report, dated August 29, 2014.**

The government will fully comply with its discovery obligations under FED. R. CRIM. P. 16(a)(1). With respect to request for "Raw Wireshark Data" related to the August 29, 2014 report, the United States is currently investigating whether that request implicates classified or proprietary information. The government intends to advise the defendant by September 21, 2018, how it will respond to this particular request, and will turn over such information if it can appropriately do so.

5) **That the Government maintain the health and status of the computer associated with the IP address 192.168.55.2. That the Government produce and allow the Defendant, Defendant's expert, and his counsel to search and inspect the computer associated with the IP address 192.168.55.2, as it is critical in determining the nature of the data contents and in supporting Defendant's Motion to Suppress.**

The United States opposes this request.  First, such information is wholly irrelevant to the charged offenses.  Second, as detailed in the search warrant affidavit, the government did not learn of defendant's September 2012 RDP sessions until May 2013, and there is no reason to believe that from then to now the defendant's workstation has not been significantly altered by unrelated activity on that machine.  Third, and most significantly, the United States understands that the computer connected to IP address 192.168.55.2 contains information that is both highly classified and wholly unrelated to the defendant's charged offense.

6) **That both the Government and the Defendant exchange, at dates certain, statements regarding expert witnesses that contain the matters prescribed by Criminal Rule 16(a)(1)(G) and 16(b) (1)(C), and that set forth principles, methods, facts, and date showing that the proposed expert testimony is sufficiently reliable to meet the criteria of admissibility under Rule 702 of the Federal Rules of evidence, in the following sequence: (a) Government experts first; (2) Defendant's experts; and (c) Government rebuttal experts. If the Government's rebuttal experts introduce new matters, the Defendant should be given leave to submit sur-rebuttal statements.**

The government will fully comply with its discovery obligations under FED. R. CRIM. P. 16(a)(1)(G), and anticipates that an agreement between the parties regarding the above requests will timely reached in a timely fashion.

7) **That Discovery otherwise be made in accordance with Criminal Rule 16 and to be completed sufficiently in advance of trial to allow both sides adequate time for trial preparation, except as provided in 18 U.S.C. § 3500.**

The government will fully comply with its discovery obligations in line with the proposed Discovery Order.

**8) That the Government and Defendant be required to supplement disclosures as required under Criminal Rule 16(c).**

The government understands that it and the defense have a continuing discovery obligation under FED. R. CRIM. P. 16(c) and will comply with those requirements.

        Respectfully submitted,

        G. ZACHARY TERWILLIGER
        UNITED STATES ATTORNEY

By:   */s/  Brian R. Hood*
      Assistant United States Attorney
      United States Attorney's Office
      919 East Main Street, Suite 1900
      Richmond, VA 23219
      Telephone: (804) 819-5400
      Email: brian.hood@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **September 14, 2018**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all parties of record.

>
> Respectfully submitted,
>
> G. ZACHARY TERWILLIGER
> UNITED STATES ATTORNEY
>
> By: _/s/   Brian R. Hood_
> Assistant United States Attorney
> United States Attorney's Office
> 919 East Main Street, Suite 1900
> Richmond, VA 23219
> Telephone: (804) 819-5400
> Email: brian.hood@usdoj.gov